```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ANTHONY BERNARDO and
DEBBIE BERNARDO, husband
and wife,

      **Plaintiffs,**

**v.**                      //     CIVIL ACTION NO. 1:08CV221
                                        (Judge Keeley)

**EASTERN ASSOCIATED COAL, LLC,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO STAY PROCEEDINGS

On February 2, 2009, the defendant, Eastern Associated Coal, LLC ("Eastern"), filed a motion to stay the proceedings in the instant case pending a final determination of a permanent disability award in the underlying workers' compensation claim. The plaintiffs, Anthony and Debbie Bernardo (the "Bernardos"), object to the stay. For the reasons set forth herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Eastern's motion, and **STAYS** the case for six months or until the final resolution of the permanent partial disability determination in the underlying workers' compensation claim issues, whichever occurs first.

### I. FACTS AND PROCEDURAL BACKGROUND

On August 3, 2006, Anthony Bernardo was working as an underground coal miner at Eastern's Federal No. 2 Mine in Monongalia County, West Virginia. While so employed, he alleges

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
AND DENYING-IN-PART MOTION TO STAY PROCEEDINGS**

that he was seriously and permanently injured when he received an electric shock.

Following Bernardo's injury, the parties litigated the issues of permanent partial and temporary total disability benefits under the West Virginia Worker's Compensation Act before the Office of Insurance Commissioner Office of Judges ("Office of Judges"). On December 10, 2008, after several years of litigation, the Office of Judges remanded Bernardo's workers compensation claim to the third-party administrator for a determination of a permanent partial disability award for psychiatric impairment related to the claim. Accordingly, no benefit award has yet issued.

Meanwhile, the Bernardos filed a Complaint in the Circuit Court of Marion County, West Virginia on August 8, 2008, alleging a violation of West Virginia Code § 23-4-2(c)(2)(ii), which establishes a "deliberate intent" exception to the statutory immunity otherwise provided to employers covered by the Workers' Compensation Act. The Bernardos seek damages for, among other things, Anthony Bernardo's medical expenses, loss of wages, and pain and suffering. Debbie Bernardo seeks damages for loss of consortium. On December 18, 2008, Eastern removed the case to federal court, and on February 2, 2009, filed the instant motion to stay the proceedings.

## II.  ANALYSIS

In its motion to stay, Eastern contends that the decisions of the third-party administrator, the Office of Judges and the Board of Review as to Bernardo's permanent partial disability benefits will directly impact any calculation of damages that may be awarded in the present case. It asserts that, if held liable for deliberate intent, it is entitled to a statutory offset in the amount of the workers' compensation award. It further contends that its ability to engage in meaningful settlement negotiations will be hampered until the underlying workers' compensation claim is resolved. It therefore argues that the Court should stay the case in the interests of judicial economy.

The Bernardos oppose Eastern's motion, arguing that the workers' compensation proceeding is likely to be resolved in the near future, and thus, because this case is still in the earliest stages, a stay is not necessary. They admit that Eastern would be entitled to a statutory offset of any damages paid in the workers' compensation case, but argue that this will only become relevant in the event that the case proceeds to trial. Thus, they contend that the absence of this information does not hinder the development of the case at this time. They conclude that if no award has issued

by the time the case is ready for trial, the Court could issue a stay at that time. Finally, the Bernardos argue that, despite Eastern's assertion that it is hindered in its ability to explore settlement, engaging in discovery will actually enhance the parties' ability to negotiate a settlement in the case.

Eastern concedes that an order regarding the impairment rating is likely to issue soon, but points out that such order is subject to "protest" by either party to the Office of Judges. Such protest would trigger an automatic six-month period for developing evidence regarding the alleged permanent impairment. Thus, Eastern asserts that it is impossible to know the true time frame for resolution of the workers' compensation claim until the permanent impairment determination issues and the period for protest expires.

Both parties agree that the Court is not required by law to issue a stay in this case; rather, it may exercise its discretion to do so after considering factors such as the desire to avoid wasting judicial resources. See Ball v. Joy Manufacturing Company, 755 F. Supp. 1344, 1358 (S.D.W. Va. 1990) (noting that a court could stay a deliberate intent action pending resolution of an underlying workers' compensation claim). Indeed, "the determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the

various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." U.S. v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936).

The Court agrees that a stay will serve the interests of judicial economy and possibly prevent unnecessary expenditures on discovery by the parties. As Eastern asserts, proceeding in this case will subject both parties to costly discovery, which may, perhaps, be avoided once the parties know what amount, if any, Anthony Bernardo will receive in a permanent partial disability award. While such an award may be known soon, Eastern correctly points out that such determination is subject to further consideration, which could take significantly more time. Consequently, the Court grants a limited stay so that it may reevaluate the circumstances after more is known about the potential award.

### III. CONCLUSION

Having concluded that a limited stay will serve the interests of judicial economy in this case, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Eastern's motion (dkt. no. 8) and **STAYS** all further proceedings **for six months** or until the parties notify the Court

**BERNARDO V. EASTERN ASSOCIATED COAL**                              **1:08CV221**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
AND DENYING-IN-PART MOTION TO STAY PROCEEDINGS**

that a final resolution of the permanent partial disability determination in the underlying workers' compensation claim has been reached, whichever occurs first.  The Court **SCHEDULES** a status conference for **Tuesday, September 8, 2009** at **4:00 p.m.** at the **Clarksburg, West Virginia** point of holding court.  Counsel may participate by telephone, with counsel for Eastern initiating the conference call to the Court at 304-624-5850.

    It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 3, 2009.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE